UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CENTRA DEVELOPERS LTD.,

                Plaintiff,                        **DECISION & ORDER**
                                                          16-CV-6737 (WFK) (LB)
      v.

THE JEWISH PRESS INC.,

                Defendant.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

      Centra Developers Ltd. ("Plaintiff") brings this action against The Jewish Press Inc. ("Defendant") alleging claims of aiding and abetting fraud, aiding and abetting fraudulent inducement, conspiracy to commit fraud, and violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff is an Israeli corporation and Defendant is a New York corporation. Complaint ¶¶ 1-2, ECF No. 1. This action arises out of a contract between Plaintiff and an advertising agency serving as Defendant's "exclusive agent" in Israel, I.M.P. Media Group Ltd. ("IMP"), with whom Plaintiff contracted "for media placement" to promote a "Real Estate Expo." *Id.* ¶¶ 8-10, 15. Among the services IMP was to provide was a "web banner" at www.jewishpress.com for $1,100.00. *Id.* ¶ 14. In essence, Plaintiff claims Defendant, acting together with IMP, generated a fraudulent invoice for $1,100.00 in an effort to charge Plaintiff for services that were free. *Id.* ¶¶ 37-41.

      On May 22, 2017, Plaintiff filed a motion for default judgment, ECF No. 11, after obtaining an entry of default from the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) on April 20, 2017, which noted Defendant had failed to appear or otherwise defend the action. This Court held a hearing on June 13, 2017 regarding Plaintiff's motion for default judgment, at which Defendant failed to appear. *See* June 13, 2017 Minute Entry. On July 10,

1

2017, this Court referred Plaintiff's motion for default judgment to Magistrate Judge Lois Bloom to conduct an inquest as to damages and for a Report and Recommendation. *See* July 10, 2017 Order. On August 2, 2017, Plaintiff filed an amended proposed order for default judgment. *See* ECF No. 12. On February 20, 2018, Magistrate Judge Bloom filed a Report and Recommendation recommending that Plaintiff's motion for default judgment be denied and also recommending that Plaintiff's action be dismissed. *See* Report & Recommendation at 1, 13, ECF No. 14. Specifically, Magistrate Judge Bloom concluded (1) Plaintiff's RICO claim failed as a matter of law because Plaintiff did not suffer any domestic injury, *id.* at 8-10; and (2) Plaintiff's remaining claims concerning fraud and conspiracy should be dismissed because the Court lacks subject matter jurisdiction over them, *id.* at 10-13.

On February 24, 2018, Plaintiff filed a timely objection to the Report and Recommendation. *See* Plaintiff's Objection, ECF No. 15. The Court has conducted a *de novo* review of the portions of the Report and Recommendation to which Plaintiff objects, and for the reasons that follow, the Court finds Plaintiff's objections are without merit. The Court therefore affirms and adopts the Report and Recommendation in its entirety as the opinion of the Court.

## DISCUSSION

### I. Legal Standard

In reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court must conduct a *de novo* review of any contested portions of the Report and Recommendation when a party makes specific objections to the magistrate judge's findings. *Id.*; *Norman v. Metro. Transp. Auth.*, 13–CV–1183, 2014 WL 4628848, at *1 (E.D.N.Y. Sept. 15, 2014) (Matsumoto, J.). The Court is "permitted to adopt those sections of a magistrate judge's

report to which no specific objection is made, so long as those sections are not facially erroneous." *Norman*, 2014 WL 4628848, at *1 (citing *Batista v. Walker*, 94–CV–2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.)). "Where 'the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.'" *Id.* (quoting *Zaretsky v. Maxi–Aids, Inc.*, 10–CV–3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (Feuerstein, J.)).

## II. Analysis

Plaintiff raises seven points of objection. This Court addresses each in turn.

*First*, Plaintiff argues "[i]t isn't clear that the magistrate is vested with the authority to recommend rejecting a default judgment altogether." Plaintiff's Objection at 1. Plaintiff cites a Second Circuit decision, *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105 (2d Cir. 2015), as support. *Id.* at 2. Plaintiff, however, quotes only from the opinion of Judge Edward Korman,[1] who concurred in part and dissented in part. *Id.* Indeed, the panel's majority opinion did not express any doubt about the authority of the Magistrate Judge to reject entry of a default judgment. To the contrary, the panel majority in *Greathouse* argues against the notion that the district court was required to award damages on plaintiff's Fair Labor Standards Act anti-retaliation claim on the basis of defendants' default. *See Greathouse*, 784 F.3d at 116 n.17. The panel majority clarified that in one of the cases relied upon by Judge Korman for the proposition that the district court was required to enter damages on the anti-retaliation claim, "the Court . . . did not hold that a district court lacks discretion to investigate the basis for a plaintiff's claims before deciding whether to grant default judgment." *Id.* Thus, on a motion for default judgment, while the

---

[1] Judge Korman was sitting by designation.

3

district court must "accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in [plaintiff's] favor," the district court must also "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)). Following this directive from the Second Circuit, Magistrate Judge Bloom determined Plaintiff's RICO claim failed as a matter of law and the Court lacked jurisdiction over the remaining claims, and recommended rejection of Plaintiff's motion for default judgment. To suggest that Magistrate Judge Bloom lacked the authority to recommend rejecting a default judgment—and thereby suggest Magistrate Judge Bloom was required to recommend an award of damages even if Plaintiff's claims failed as a matter of law—contradicts the law in this circuit regarding the entry of a default judgment.

*Second*, Plaintiff appears to take issue with the legal standard applied by Magistrate Judge Bloom as to the allegations in the Complaint. *See* Plaintiff's Objection at 2-3. This objection is meritless. The Report and Recommendation contains a thorough overview of the legal standard applied to a motion for default judgment. *See* Report & Recommendation at 6-7. Plaintiff correctly notes that it is "entitled to all reasonable inferences from the evidence offered," Plaintiff's Objection at 2 (quoting *Au Bon Pain*, 653 F.2d at 65), but—as the very case Plaintiff cites for this proposition makes clear—the court is *not* required to "agree that the alleged facts constitute a valid cause of action," *Au Bon Pain*, 653 F.2d at 65. Magistrate Judge Bloom correctly accepted as true all of the facts in Plaintiff's complaint, but concluded that, based on those facts, Plaintiff's RICO claim failed as a matter of law and the court lacked subject matter jurisdiction over Plaintiff's remaining claims. *See* Report & Recommendation at 8-10, 13.

4

Plaintiff's third point of objection is duplicative of Plaintiff's second point and is overruled for the same reasons previously stated.

*Fourth*, Plaintiff takes issue with Magistrate Judge Bloom's conclusion that relief under the civil RICO statute, 18 U.S.C. § 1964(c), requires a domestic injury. *See* Plaintiff's Objection at 4. As support, Plaintiff quotes largely from the Second Circuit's decision in *European Community v. RJR Nabisco, Inc.*, 764 F.3d 149, 151 (2d Cir. 2014), in which the Second Circuit stated it saw "no reason to construe RICO to include" a domestic injury requirement for claims arising under § 1964(c). *Id.* Plaintiff's use of quotations is misleading, however, because the U.S. Supreme Court granted certiorari in this case to resolve the question of "whether RICO applies extraterritorially," and held that, while RICO's substantive prohibitions contained in 18 U.S.C. § 1962 could apply to some foreign racketeering activity, RICO's private right of action—18 U.S.C. § 1964(c)—requires "a *domestic* injury" to business or property. *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2096, 2103, 2106 (2016) ("Irrespective of any extraterritorial application of § 1962, we conclude that § 1964(c) does not overcome the presumption against extraterritoriality. A private RICO plaintiff therefore must allege and prove a *domestic* injury to its business or property."); *see also Bascunan v. Elsaca*, 874 F.3d 806, 816 (2d Cir. 2017) (under the Supreme Court's holding in *RJR Nabisco*, "a plaintiff must allege a domestic injury" for purposes of RICO's private right of action contained in § 1964(c)). Magistrate Judge Bloom determined that Plaintiff's RICO claim did not allege any domestic injury and recommended dismissal, and the Court agrees.

*Fifth*, Plaintiff claims that federal jurisdiction is "established, or at least buttressed by, 28 U.S. Code § 1350," known as the Alien Tort Statute ("ATS"), which provides "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in

5

violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350; Plaintiff's Objection at 5. "[The ATS] is in [its] terms only jurisdictional . . . [and] at the time of enactment the jurisdiction enabled federal courts to hear claims in a very limited category defined by the law of nations and recognized at common law." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 712 (2004). Notwithstanding that Plaintiff raises the ATS as a basis for federal jurisdiction for the first time in its Objection, the ATS does not provide subject matter jurisdiction over Plaintiffs' claims.

In *Sosa*, "the Supreme Court comprehensively addressed the ATS for the first time . . . . Justice Souter, writing for the majority, clarified that the ATS was enacted to create jurisdiction over 'a relatively modest set of actions alleging violations of the law of nations' and with 'the understanding that the common law would provide a cause of action.'" *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 173 (2d Cir. 2009) (quoting *Sosa*, 542 U.S. at 720, 723). Furthermore, "courts must exercise this power [to adapt the law of nations to private rights] with restraint . . . permitting only those claims that 'rest on a norm of international character accepted by the civilized world and defined with a specificity comparable to the features of the 18th-century paradigms [the Supreme Court has] recognized.' These 18th-century paradigms consist of offenses against ambassadors, violations of the right to safe passage, and individual actions arising out of piracy." *Id.* (quoting *Sosa*, 542 U.S. at 724-25, 729). Plaintiff has not identified any conceivable manner in which the ATS could be construed to provide a jurisdictional basis for its claims, and this Court will not exercise ATS jurisdiction given Plaintiff's failure to show that its claims involve the type of international law violations described above. *See, e.g.. Trans-Continental Inv. Corp., S.A. v. Bank of Commonwealth*, 500 F. Supp. 565, 569-70 (C.D. Cal. 1980) (no federal subject matter jurisdiction under the ATS for fraud claim because, while fraud

may be a universally recognized tort, it is not part of the law of nations within the meaning of the ATS and plaintiffs failed to allege that any treaty had been violated).[2]

*Sixth*, Plaintiff objects to Magistrate Judge Bloom's conclusion that Plaintiff's claim for punitive damages cannot be used to satisfy the amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Plaintiff's Objection at 6-7. When punitive damages are necessary to satisfy the jurisdictional amount, they are considered with "heightened scrutiny." *Nwanza v. Time*, 125 F. App'x 346, 348-49 (2d Cir. 2005) (citations omitted); *Cohen v. Narragansett Bay Ins. Co.*, 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) (Chen, J.) ("[T]he Court is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citation omitted)).

Under New York law, a claim for punitive damages must be supported by facts demonstrating "high moral culpability" and punitive damages are generally not recoverable for private wrongs. *See, e.g., RKB Enters. Inc. v. Ernst & Young*, 182 A.D.2d 971, 973 (3d Dep't 1992) (affirming dismissal of claim for punitive damages where plaintiff "has not alleged facts sufficient to demonstrate that defendants' conduct rose to the level of high moral culpability," and even assuming that defendants did act "in a wanton, willful or malicious manner . . . these acts would constitute private wrongs for which punitive damages may not be recovered" (citations omitted)); *Mom's Bagels of N.Y. v. Sig Greenebaum Inc.*, 164 A.D.2d 820, 822-23 (1st

---

[2] Plaintiff claims that *Al Shimari v. CACI Premier Tech., Inc.*, 758 F.3d 516 (4th Cir. 2014) is "most directly on point" and supports jurisdiction based on the ATS, *see* Plaintiff's Objection at 5-6, but that case involved "whether a federal district court has subject matter jurisdiction [under the ATS] to consider certain civil claims seeking damages against an American corporation for the torture and mistreatment of foreign nationals at the Abu Ghraib prison in Iraq." *Al Shimari*, 758 F.3d at 520. The allegations in *Al Shimari* are, for obvious reasons, easily distinguished from Plaintiff's fraud-based claims at issue here.

Dep't 1990) (punitive damages not available in an action for a private wrong involving claims of breach of contract and fraud); *Career Initiatives Corp. v. Palmer*, 893 F. Supp. 295, 296 (S.D.N.Y. 1995) (Batts, J.) (under New York law, "to recover punitive damages in an action for fraud, it must appear that the fraud was upon the general public, that is, aimed at the public generally, is gross and involves a high degree of moral culpability" (internal quotation marks and citations omitted)). As Magistrate Judge Bloom correctly noted, Plaintiff seeks damages for a private wrong and has not offered any facts suggesting that Defendant's conduct was directed at the public generally. Punitive damages are therefore not available on these facts.

Plaintiff's last objection is largely duplicative of Plaintiff's prior objection regarding Plaintiff's failure to satisfy the jurisdictional amount. *See* Plaintiff's Objection at 8. For the reasons already articulated in this Order and in the Report and Recommendation, Plaintiff's claim for punitive damages cannot be counted towards meeting the jurisdictional amount, and without the claim for punitive damages, Plaintiff cannot meet its burden of proving to a "reasonable probability" that its claim is in excess of the statutory jurisdictional amount. *See Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks and citation omitted).[3]

## CONCLUSION

After a careful review of Magistrate Judge Bloom's Report and Recommendation, ECF No. 14, and the objections filed thereto, ECF No. 15, the Court affirms and adopts the Report and Recommendation in its entirety as the opinion of the Court. The Clerk of Court is respectfully instructed to terminate the pending motions and close this case.

---

[3] Plaintiff is correct that, where available, punitive damages can increase damages beyond the jurisdictional threshold of $75,000, *see, e.g., Nwanza*, 125 F. App'x at 348-49, but as already explained, punitive damages are not available under New York law on these facts.

SO ORDERED.

s/WFK
_____
HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: March 22, 2018
      Brooklyn, New York